## GILLIAM v. GILLIAM.

Court of Appeals of Kentucky.
Dec. 14, 1951.

Albert Karnes, Paducah, for appellant.

M. C. Anderson, Wickliffe, for appellee.

CAMMACK, Chief Justice.

Bryant and Dorothy Gilliam were married in 1941. At that time Bryant was 19 and Dorothy was 16. They made their home during most of their married life with their respective parents who lived in the same neighborhood of Carlisle County. When they separated in 1948, the couple had two sons ages three and five years.

Bryant filed suit for divorce on the ground of cruel and inhuman treatment. During the pendency of the action the parties entered an agreement under which each should have custody of the children for alternating six months' periods, subject to further order of court. Visitation periods were provided. In March, 1949, Bryant was granted a divorce. That judgment reaffirmed the agreed court order relative to the property rights of the parties and "the temporary care, custody and control of said children, pending the further orders of this court." The judgment further provided that: "* * * this case is now stricken from the docket with leave to either party to redocket this case without notice to the other party, and the Court specifically reserves the right to make any other or further order with respect to the care, custody and control of said children."

In June, 1949, Bryant served notice on Mrs. Gilliam to the effect that he would move the court to allow him full custody of the children. The court sustained Bryant's motion to introduce as proof the whole record in the case. The court also allowed Mrs. Gilliam to introduce testimony other than that concerning the present and future welfare of the children. On June 17, 1949, an order was entered which set forth, among other things, that the case should be submitted, "* * * with orders and agreement between all parties to this hearing that the court may render his findings during term time or vacation without further notice to either party of this action and when said opinion and judgment is rendered either and both parties shall reserve proper exceptions to any ruling of the court which they deem adverse."

In June, 1950, the court entered an "Opinion, Court Order and Judgment" allowing Bryant full custody of the children, with visitation periods allowed Mrs. Gilliam. The judgment recited that the court had indicated previously his desire to make, "* * * personal investigation with respect to the character of environment and circumstances under which the defendant is keeping and maintaining said children in order to make such orders herein as shall

be to the best interest of said children without regard to the desires of either the plaintiff or the defendant, and by agreement of the parties the Court may render its findings and judgment during term time or in vacation without further notice to either party herein; which said opinion and judgment shall reserve proper exceptions to the ruling of the Court which is deemed adverse to either and both of them." The judgment recited further that the court had personally investigated the environment in which Mrs. Gilliam was maintaining the children and after so doing awarded their custody to Bryant. The judgment also set forth that the court expressly reserved the right to make such other orders with respect to the custody and care of the children as their best interests required.

The foregoing references to the record indicate a rather unusual handling of a child custody case by the chancellor. The conclusion is inescapable that the chancellor was careful to retain at all times his right to make such changes in the custody of the children as he deemed for their best interests. This he had a right and a duty to do. The principal objection of Mrs. Gilliam is the manner in which the chancellor performed his duties.

The parents of both Mr. and Mrs. Gilliam maintain good homes. Unfortunately, Mrs. Gilliam's father is an intermittent drinker, who drinks to excess when he drinks. This fact, doubtless well known to the chancellor, may have been a determining factor in his decision to place the custody of the children with their father. It is true also that Mrs. Gilliam works in town. Working, of course, is to her credit.

Cases of this type are very difficult for us to decide. We have only the printed record and the arguments of counsel. As a rule the chancellor, and certainly it is true in this case, knows all of the parties and the conditions of the respective homes. We are frank to say, however, that a recitation in his opinion and judgment of his reasons for giving the father full custody of the children would have been helpful to us. On the other hand, we are not pre-

pared to say that he erred in the exercise of his powers and duties in respect to the children. As his orders so clearly recite, the question of their best interests can be presented to him by either party at any time.

Judgment affirmed.